IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| George Holmes, ) | Civil Action No.2:12-1902-TMC-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Lt. Johnson, ) | |
| ) | |
| Defendant. ) | |

The Plaintiff, a state prisoner proceeding *pro se*, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 1.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The Plaintiff brought this action on or about July 9, 2012. (Dkt. No. 1.) At the same time he filed his Complaint, he filed the instant Motion for Temporary Restraining Order. (Id.) Defendant filed his Response in Opposition to the motion on October 9, 2012. (Dkt. No. 18.)

Plaintiff asks the Court to grant him a "restraining order/preliminary injunction" against Defendant Johnson. (Dkt. No. 1 at 4 of 5.) Plaintiff complains, *inter alia*, that Defendant Johnson has threatened to harm Plaintiff several times and that on June 13, 2012, Johnson sprayed Plaintiff (who was sitting in a wheelchair) "for no reason." (Id. at 3 of 5.) Plaintiff alleges that Johnson assaulted him by kicking Plaintiff "in [his] side[ and] right leg" and hitting Plaintiff in Plaintiff's face three times. (Id. at 3-4.) Plaintiff states that he fears for his life. (Id. at 4.)

Defendant asks that Plaintiff's motion be denied for two reasons:

> (1) Plaintiff's motion is merely a recitation of the allegations contained within his Complaint and (2) Plaintiff's motion fails to allege specific facts which clearly show that immediate and irreparable injury, loss or damage will result if relief is not granted.

(Dkt. No. 18 at 1.)

The undersigned recommends that Plaintiff's Motion for a Temporary Restraining Order (Dkt. No. 1) be denied. To obtain a temporary restraining order ("TRO") or preliminary injunction, a plaintiff must show:

> (1) that he is likely to succeed on the merits,
>
> (2) that he is likely to suffer irreparable harm in the absence of preliminary relief,
>
> (3) that the balance of equities tips in his favor, and
>
> (4) that an injunction is in the public interest.

Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff has not established these four factors outlined in Winter. Plaintiff has not shown that he is likely to succeed on the merits; as Defendant notes, the motion is simply a recitation of the allegations in the Complaint. Nor has Plaintiff shown that the balance of equities tips in his favor or that an injunction is in the public interest. See Kendrick v. Bland, 740 F.2d 432, 438 n.3 (6th Cir. 1984) (where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting); see also Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Because Plaintiff has not shown all four Winter factors, the undersigned recommends denying Plaintiff's Motion Prods., Inc. v. Renosky, 790 for Temporary Restraining Order. See Z-Man Fishing, 790 F. Supp. 2d 418, 434 (D.S.C. 2011) (denying TRO for failure to meet all four elements as outlined in Winter).

2

## **CONCLUSION**

Wherefore, it is RECOMMENDED that Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 1) be DENIED.

IT IS SO RECOMMENDED.

                                          s/Bruce Howe Hendricks
                                          United States Magistrate Judge

October 31, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).